## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RON H. GANYON,**

      **Plaintiff,**

                                 **Civil Action 2:12-cv-420**
      **v.**                        **Judge Algenon L. Marbley**
                                 **Magistrate Judge Elizabeth P. Deavers**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**


## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court for consideration of Plaintiff's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act.  (ECF No. 15.)  Defendant filed his Response in Opposition to Plaintiff's Motion on October 19, 2012.  (ECF No. 16.) Plaintiff filed his Reply on October 22, 2012.  (ECF No. 17.)  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.  It is further **RECOMMENDED** that the Court **AWARD** Plaintiff attorney's fees in the amount of $2,946.43.

### I.

Plaintiff filed this action on May 15, 2012 seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner").  On August 24, 2012, Plaintiff filed a Motion to Remand indicating the Administrative Law Judge ("ALJ") had failed to consider key evidence that the Commissioner omitted from the final record as an exhibit.  (Mot. 2, 3-4 ECF No. 10.)  Specifically, the Commissioner failed to include school records containing psychological evaluations that purportedly evidence Plaintiff's disability.  The ALJ specifically

cited to the absence of these types of records in denying Plaintiff's claim for benefits.  (*Id.* at 5.)  The Commissioner consented to remand, conceding that consideration of the school records was necessary to the proper evaluation of Plaintiff's claim.  (Def.'s Resp. 1, ECF No. 12.)  The Court granted Plaintiff's Motion to Remand on September 12, 2012.  (ECF No. 13.)  On October 1, 2012 Plaintiff filed the instant Motion seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA").

## II.

Plaintiff seeks an award of attorney's fees for sixteen (16) hours that his counsel worked on this case before this Court.  The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Accordingly, a party will generally be entitled to attorney's fees under the EAJA when he or she is the prevailing party and the government's position was not substantially justified.  *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (outlining requirements under the EAJA).  The Commissioner "bears the burden of demonstrating that its position was substantially justified." *Pickering v. Mukasey*, 306 F. App'x. 246, 247 (6th Cir. 2009).

The EAJA limits recovery of attorney's fees to $125 per hour unless the court concludes that the circumstances justify a higher rate:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be

> awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  In analyzing the EAJA, the Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  Furthermore, "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for a cost of living adjustment to justify an award in excess of $125 per hour.  *See Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).  The determination of whether a cost of living increase justifies a fee in excess of the $125 rate is left to the Court's discretion.  *Id.*  It is not sufficient, however, that a party submit only the Department of Labor's Consumer Price Index and argue that inflation justifies an increase in fees.  *Bryant*, 578 F.3d at 450.

### III.

Plaintiff seeks an award of attorney's fees in the amount of $2,946.43 for sixteen (16) hours that his counsel worked on this case before this Court.  (Pl.'s Mot. 4, ECF No. 15.)  The Commissioner does not contend that his position was substantially justified or that Plaintiff was not the prevailing party within the meaning of the EAJA.  Nor does he contest the

reasonableness of the number of hours Plaintiff's counsel worked on this case.  The Commissioner's sole objection relates to the reasonableness of the hourly rate Plaintiff seeks to recover.  (Def.'s Op. 2, ECF No. 16.)  Specifically, the Commissioner argues that the requested hourly rate Plaintiff seeks, which calculates to an approximate rate of $184 per hour, is excessive.  (*Id.*)

The Undersigned concludes that Plaintiff has produced satisfactory evidence that his requested rate comports with prevailing rates in the community.  *Bryant*, 578 F.3d at 450. Plaintiff has provided an affidavit of his counsel that sets forth his counsel's normal rate at $200 per hour.  (Mot. Ex. B, ECF No. 15.)  Plaintiff also submitted an affidavit of Gary J. Pandora, an experienced Columbus attorney practicing in the area of social security, in which Mr. Pandora asserts that fees up to $200 to $225 per hour are "in line with prevailing rates in Ohio for the same type of services provided by lawyers of reasonably comparable skill, experience and reputation" to Plaintiff's counsel.  (*Id.* at E.)  Plaintiff also submitted a copy of the Department of Labor's Consumer Price Index demonstrating an increase in the cost of living.  (*Id.* at Ex. C.)

Additionally, Plaintiff has submitted excerpts from two independent studies to support his request for an increased rate.  One such study demonstrates that the mean billing rate in the Downtown Columbus area, which is where Plaintiff's counsel practices, is $266 per hour.  (*Id.* at Ex. F.)  The study also shows that the mean billing rate for firms in Ohio with 3-5 attorneys, which is the size of Plaintiff's counsel's firm, is $210 per hour, and the mean billing rate in Ohio for attorneys with more than 25 years experience in practice is $229 per hour.  (*Id.*)  The second study Plaintiff cites indicates that consumer lawyers in the same area charge a between $200 and $247 per hour.  (*Id.* at Ex. G.)  Thus, Plaintiff's requested rate of approximately $184 per hour is

reasonable.

The Undersigned finds the Commissioner's contrary arguments unavailing.  The Commissioner discounts the studies Plaintiff cites because the reports do not include a special category for attorneys practicing in the field of Social Security.  (Def.'s Op. 6, ECF No. 16.)  Thus, according to the Commissioner, Plaintiff has failed to meet his burden of establishing a prevailing rate for attorneys undertaking Social Security appeals before this Court.  (*Id.*)  The Commissioner further argues that the affidavits of Plaintiff's counsel and Mr. Pandora fail to demonstrate a prevailing market rate because "these rates are based on a contingency fee arrangement," which cannot justify an increase in the statutory rate.  (*Id.*)

The Undersigned concludes that Plaintiff has met his burden of demonstrating the reasonableness of the requested fee.  As the Sixth Circuit has recognized, a plaintiff seeking an increase in the statutory fee need only produce "satisfactory evidence" that the requested rate is in line with those prevailing in the Community.  *Bryant*, 578 F.3d at 450.  Although Plaintiff was unable to produce exact evidence demonstrating the prevailing rate of attorneys who pursue Social Security appeals before this Court, the Undersigned finds that he submitted "satisfactory evidence" to support his request.  *Id.*

Accordingly, Plaintiff has provided satisfactory evidence to support his requested rate of approximately $184.00 per hour.  It is, therefore, **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion for an Award of Attorney's Fees.  (ECF No. 15.)  It is further **RECOMMENDED** that the Court **AWARD** Plaintiff attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $2,946.43.

5

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:   January 23, 2013                                    /s/ *Elizabeth A. Preston Deavers*
                                                                      Elizabeth A. Preston Deavers
                                                                      United States Magistrate Judge